IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEITH LEANELL CARTER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-0388-K |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Keith Leanell Carter, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner was convicted of aggravated robbery with a deadly weapon and sentenced to 45 years confinement. His conviction and sentence were affirmed on direct appeal. *Carter v. State*, No. 03-02-00626-CR, 2003 WL 22096102 (Tex. App.--Austin, Sept. 11, 2003, pet. ref'd.). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Carter*, No. 64,532-02 (Tex. Crim. App. Jan. 17, 2007). Petitioner then filed this action in federal district court.

II.

In multiple grounds for relief, petitioner contends that: (1) the evidence was factually insufficient to support his conviction; (2) there was no evidence to support a deadly weapon finding; (3) the prosecutor suppressed evidence that two witnesses misidentified the suspect; (4) the trial

court improperly admitted evidence of an extraneous offense; (5) the jury charge did not contain an instruction limiting the consideration of extraneous offense evidence; (6) he received ineffective assistance of counsel; and (7) he is actually innocent.[1]

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-24, 146 L.Ed.2d 389 (2000). Federal habeas courts review questions of law and mixed questions of law and fact under section 2254(d)(1). Pure questions of fact are reviewed under section 2254(d)(2). *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 122 S.Ct. 194 (2001).

---

[1] To the extent petitioner intends to present claims that are not addressed herein, it is because the court is unable to decipher his pleadings. As this court recently observed:

> Principles requiring generous construction of *pro se* pleadings are not without limits. District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. To do so would "require ... [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."

*Jackson v. Quarterman*, No. 3-06-CV-0494-G, 2008 WL 58879 at *1 n.1 (N.D. Tex. Jan. 3, 2008), *quoting Mitchell v. Turner*, No. 1-07-CV-2097, 2007 WL 3216969 at *1 (N.D. Ohio Oct. 31, 2007). *See also Smith v. Jackson*, No. 04-CV-40256-FL, 2006 WL 950269 at *2 (E.D. Mich. Apr. 12, 2006) (noting that a district court is not required "to divine" the issues that a prisoner is attempting to raise in his habeas petition).

A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1523. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523. To be unreasonable, the application of clearly established federal law must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). The standard is one of "objective reasonableness." *Montoya v. Johnson*, 226 F.3d 399, 403-04 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 2220 (2001), *quoting Williams*, 120 S.Ct. at 1521-22 (O'Connor, J., concurring). Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

B.

Petitioner contends that the evidence was factually insufficient to support his conviction because the identification testimony presented at trial was unreliable. Under Texas law, intermediate appellate courts have the authority to review fact questions in criminal cases. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). This "factual sufficiency" review of the evidence is broader than a "legal sufficiency" challenge under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *Id.* Instead of viewing the evidence in the light most favorable to the prosecution and determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," a factual sufficiency inquiry views all the evidence to determine whether the verdict "is so contrary to the overwhelming weight of the

evidence as to be clearly wrong and unjust." *Pruitt v. Cockrell*, No. 3-00-CV-1713-H, 2001 WL 1115339 at *13 (N.D. Tex. Sept. 14, 2001), *quoting Clewis*, 922 S.W.2d at 129. The power of state appellate courts to review the factual sufficiency of the evidence derives from Texas statutory and constitutional authority. *Id.* at *14 (citing cases). Because there is no corresponding right of review under the United States Constitution, a claim based on factually insufficient evidence is not cognizable under 28 U.S.C. § 2254. *Id.*; *see also Daisy v. Dretke*, No. 3-04-CV-2015-D, 2004 WL 3167743 at *2 (N.D. Tex. Dec. 21, 2004) (citing cases).

Here, petitioner claims that the evidence was *factually insufficient* to support his conviction. He does not challenge the *legal sufficiency* of the evidence under *Jackson*. Nor was such a claim raised on direct appeal or state collateral review. Consequently, petitioner is not entitled to federal habeas relief on this ground.

C.

Petitioner also argues that there was no evidence to support the finding that he used a deadly weapon in the commission of the offense. At trial, the robbery victim, Kimberly Ford, testified that she was robbed at gunpoint at approximately 12:30 in the afternoon in the garage of her Richardson, Texas home by a light-skinned African-American man who wore his hair in corn-rows. (SF-III at 6-7, 9-10, 13-16). The man demanded Ford's ring and watch, then reached into her car and grabbed her cell phone and a purse containing a checkbook and several credit cards. (*Id.* at 11, 15). During the robbery, the man kept his gun pointed at Ford, placing her in fear of serious bodily injury or death. (*Id.* at 13-14). Ford identified petitioner as her assailant from a photo line-up and again in open court. (*Id.* at 17, 18-19).[2] Based on this evidence, the state habeas court determined that the

---

[2] Ford testified that she observed a darker-skinned African-American man, presumably an accomplice, standing in the alley at the end of her driveway during the robbery. However, she was unable to identify the other man. (*See* SF-III at 33).

deadly weapon finding was proper. *Ex parte Carter*, No. 64,532-02 at 267, ¶ 5. Petitioner has failed to adduce any evidence, much less clear and convincing evidence, to rebut that factual determination. This ground for relief should be overruled.

D.

Nor has petitioner shown that the prosecutor suppressed evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963). In order to establish a *Brady* violation, a habeas petitioner must prove that the prosecutor suppressed material evidence favorable to the defense that was not discoverable through the exercise of due diligence. *See Kutzner v. Cockrell*, 303 F.3d 333, 336 (5th Cir.), *cert. denied*, 123 S.Ct. 14 (2002). "When evidence is equally available to both the defense and the prosecution, the defendant must bear the responsibility of failing to conduct a diligent investigation." *Id., citing Herrera v. Collins*, 954 F.2d 1029, 1032 (5th Cir. 1992), *aff'd*, 113 S.Ct. 853 (1993). In this sense, *Brady* applies only to "the discovery, after trial[,] of information which had been known to the prosecution but unknown to the defense." *Id., quoting United States v. Agurs*, 472 U.S. 97, 103, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976).

Although petitioner generally alleges that the prosecutor "suppressed the misidentification by both witnesses of the gunman," (*see* Pet. Mem. Br. at 22), he does not further elaborate on this claim. In particular, petitioner fails to show that his attorney was unaware any witness had misidentified the suspect or could not have discovered this evidence through due diligence.[3] His conclusory assertions are insufficient to establish a *Brady* violation. *See Hughes v. Johnson*, 191

---

[3] As part of his ineffective assistance of counsel claim, petitioner criticizes his attorney for failing to point out inconsistencies between Ford's trial testimony and her prior description of the suspect. This suggests that petitioner believes his attorney knew that Ford may have misidentified the gunman.

F.3d 607, 629-30 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1003 (2000) (speculative and conclusory allegation that prosecutor withheld exculpatory evidence will not support claim for habeas relief).

### E.

In two related grounds, petitioner contends that the state court improperly admitted evidence of an extraneous offense during the guilt-innocence phase of the trial and did not limit the consideration of that evidence in the jury charge. At issue is the testimony of Dale Tatem and her 12 year-old daughter, Amy, about an aggravated robbery that occurred six days after the Ford robbery. Dale testified that she was robbed at approximately 12:25 in the afternoon in the garage of her North Dallas home by two African-American men. (SF-III at 141-43). One man pulled a gun and demanded her purse and rings. (SF-III at 142-45, 159). A lighter-skinned man, who wore his hair in corn-rows, walked to the passenger side of the car where Amy and her 9 year-old brother were sitting. (*Id.* at 144-45, 147-48, 153, 159). Both Dale and Amy identified petitioner as the man who walked to the side of the car and peered through the window at the children. (*Id.* at 148, 152-53, 157, 160-61, 163).

### 1.

Texas law prohibits evidence of other crimes, wrongs, or acts to prove "the character of a person in order to show action in conformity therewith." *See* TEX. R. EVID. 404(b). However, such evidence may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* Evidence of an extraneous offense is admissible for the purpose of proving identity only if the extraneous offense and the primary offense share sufficient "distinguishing characteristics" to mark the two offenses as the "handiwork" or "signature" of the same person. *See Martinez-Macias v. Collins*, 810 F.Supp. 782, 798 (W.D. Tex. 1991), *aff'd*, 979 F.2d 1067 (5th Cir. 1992) (citing Texas cases). The improper admission of extraneous offense

evidence does not merit federal habeas relief unless the ruling constitutes a denial of fundamental fairness under the due process clause. *See Camacho v. Dretke*, No. 3-03-CV-0247-G, 2005 WL 1025985 at *7 (N.D. Tex. Apr. 29, 2005), *citing Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1768 (1999). This, in turn, requires proof that the improperly admitted evidence played "a crucial, critical, and highly significant role in the trial." *Id.* (citing cases).

Here, the state offered the testimony of Dale Tatem and her daughter to prove petitioner's identity. At a hearing held outside the presence of the jury, the prosecutor explained:

> [W]e're offering the extraneous offense 404(b) for our identification. The testimony has been in cross-examination by defense counsel of the complaining witness Kim Ford in this case has gone to her identification [of the defendant]. His cross-examination has put identification in issue. And the extraneous offense the State is going to introduce has two eyewitnesses that identified this defendant, and the incident is almost a carbon copy. Six days later, rear entry garage, 12:30 in the afternoon, this defendant involved, white female driving a Suburban. They're almost identical incidences save for just change the date and the complaining witness's name.

(SF-III at 99). Defense counsel never argued that identity was not an issue or that the Tatem robbery was not similar to the Ford robbery. Instead, counsel objected that his cross-examination did not rise to a level that made the extraneous offense admissible and that the prejudicial effect of this evidence outweighed any probative value. (*Id.* at 100). The objection was overruled. (*Id.* at 101). In affirming that ruling on direct appeal, the state appeals court wrote:

> [A]ppellant's counsel cross-examined five separate witnesses regarding appellant's appearance and whether he had been properly identified . . . . This placed identity in issue. The extraneous offense was similar to the charged offense. Both were robberies at gunpoint of females in the course of parking their sport utility vehicles in isolated, rear-entry garages, both occurred within a confined geographic area, and both occurred within the same week. These similarities are sufficient to establish that the extraneous offense was appropriately admitted.

*Carter*, 2003 WL 22096102 at *3 (internal citations omitted). Petitioner has failed to establish that this decision is contrary to clearly established federal law or otherwise unreasonable. Not only was there no federal constitutional violation, but the admission of this extraneous offense evidence was proper under Texas law.

2.

Petitioner further argues that the jury charge on guilt-innocence improperly shifted the burden of proof and did not contain an instruction limiting the consideration of extraneous offense evidence to the issue of identity. The instruction given by the trial court stated:

> [T]here is testimony before you in this case regarding the defendant's having committed offenses other than the offense alleged against him in the indictment in this case. *You cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses*, if any were committed, and *even then you may only consider the same in determining the identity of the defendant*, if any, in connection with the offense, if any, alleged against him in the indictment in this case, and for no other purpose.

(St. App. Tr. at 15) (emphasis added). Contrary to petitioner's argument, the jury charge requires the state to prove beyond a reasonable doubt that he committed the extraneous offense and limits the consideration of such evidence to the issue of identity.[4] These grounds for relief should be overruled.

F.

Petitioner alleges that he received ineffective assistance of counsel at trial. As best the court can decipher, it appears that petitioner maintains his attorney: (1) failed to investigate the case or prepare for trial; (2) did not object to the admission of extraneous offense evidence or request a

---

[4] To the extent petitioner argues that the jury charge on punishment failed to include a reasonable doubt instruction or limit the consideration of extraneous offense evidence as required by Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a), he is mistaken. The jury was instructed that evidence of extraneous crimes or bad acts was admitted "only for the purpose of assisting you . . . in determining [a] proper punishment," and that the jury could not consider such evidence "unless you find and believe beyond a reasonable doubt that the defendant committed such other acts[.]" (*See* St. App. Tr. 22).

proper limiting instruction in the jury charge; and (3) failed to object to his in-court identification, an unduly suggestive pretrial line-up, inconsistent descriptions given by Ford of her assailant, and a videotape of a man passing a stolen check.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. The Fifth Circuit has described that standard as "requiring that counsel research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005), *quoting United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997), *quoting Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983). Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Strickland*, 104 S.Ct. at 2067. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068.

2.

Most of petitioner's ineffective assistance of counsel claims are either patently frivolous, negated by the record, or conclusory in nature. As previously discussed, defense counsel objected

to any evidence about the Tatem robbery. His objection was overruled, and the evidence was properly admitted. The jury was instructed that they could consider this extraneous offense evidence only in determining the identity of petitioner and only if the state proved beyond a reasonable doubt that he committed the extraneous offense. It would have been futile for counsel to renew his objection to the admission of this evidence or request a different jury instruction. *See Mark v. Dretke*, No. H-05-2546, 2006 WL 1852052 at *9 (S.D. Tex. Jun. 30, 2006), *citing Meanes v. Johnson*, 138 F.3d 1007, 1012 (5th Cir.), *cert. denied*, 119 S.Ct. 417 (1998) (counsel is not required to make a futile objection). Other complaints made by petitioner about his legal representation, such as counsel's failure to investigate the case, prepare for trial, or object to a videotape of a man passing a stolen check, are too vague to merit habeas relief. *See Beall v. Cockrell*, 174 F.Supp.2d 512, 522 (N.D. Tex. 2001) (conclusory statements and random citations to legal authority are insufficient to support claim of ineffective assistance of counsel). These grounds should be summarily overruled.

Petitioner's other claims were considered and rejected on state collateral review. In an affidavit filed with the state habeas court, Ken Weatherspoon, the attorney who represented petitioner at trial, stated:

> [I]t was trial strategy that [Ford's] identification in court was to be contrasted with the physical description she gave at the scene to the responding officers. I did this as best I could to highlight that to the jury. Furthermore, [Ford] was cross-examined about her lack of describing certain distinguishing characteristics to officers who responded to the scene. There were no legal grounds to object to the in court identification, and an objection would have been counter productive to our trial strategy.

(St. Hab. Tr. at 270). The state court accepted this explanation and found that petitioner received effective assistance of counsel. (*Id.* at 269, ¶ 14). That finding is conclusive in a subsequent federal habeas proceeding unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see*

*also Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002) (presumption of correctness applies to both explicit and implicit findings necessary to state court's conclusions of mixed law and fact). Petitioner has failed to articulate any legitimate basis for objecting to the photo line-up or the in-court identification testimony of two different witnesses. Nor does he explain how counsel's trial strategy in contrasting Ford's in-court identification with her prior description of the robbery suspect was constitutionally deficient. Without such evidence, petitioner cannot satisfy either prong of the *Strickland* test.

## G.

Finally, petitioner contends that he is actually innocent. A claim of actual innocence, standing alone, is insufficient to merit federal habeas relief. *See Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1250 (2001), *quoting Herrera v. Collins*, 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). There also must be evidence of an independent constitutional violation in the state criminal proceeding. *Id.* at 741. Here, petitioner has failed to establish an underlying constitutional violation. Nor is there any evidence of his innocence. This ground for relief is without merit and should be overruled.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 14, 2008.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE